**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **DDR SEÑORIAL LLC, S.E.,**<br><br>**PLAINTIFF,**<br><br>**v.**<br><br>**PRESTIGE HOLDINGS, LTD.,**<br><br>**DEFENDANT.** | **CIVIL NO. 15-2192 (PAD)** |

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Before the court is Prestige Holdings, LTD's "Motion to Dismiss or to Quash for Insufficient Service of Process" (Docket No. 4). DDR Señorial LLC, S.E. opposed the motion (Docket No. 7). The defendants replied (Docket No. 11), and the plaintiffs sur-replied (Docket No. 14). For the reasons explained below, Prestige's motion is GRANTED. DDR has 60 days to properly serve process upon the defendant.

## I. PROCEDURAL BACKGROUND

On June 1, 2015, DDR initiated this action against Prestige for breach of contract and damages in the San Juan Part of the Puerto Rico Court of First Instance (Docket No. 1, Exh. 1). On August 27, 2015, Prestige removed the action to this court (Docket No. 1 at p. 2).

DDR is a limited responsibility company incorporated in the State of Delaware and authorized to do business in Puerto Rico. Id. Prestige is a corporation organized under the laws of the sovereign state of Trinidad and Tobago, with its principal place of business in that country. Id.

## II. STANDARD OF REVIEW

Under Fed.R.Civ.P. 12(b)(5), a party may seek dismissal of an action for insufficient service of process. When the sufficiency of process is challenged under Rule 12(b)(5), the plaintiff has the burden of proving proper service. Rivera-López v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992). Motions under Rule 12(b)(5) differ from other motions permitted by Rule 12(b) in that they provide a district court with a course of action other than dismissing the case when the defendant prevails. See, Sánchez-Velázquez v. Municipality of Carolina 2012 WL 6726475 at *1 (D.P.R. December 27, 2012) (citing 5B Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1354 (3d ed. 2010)). District courts have broad discretion to treat a motion to dismiss under Rule 12(b)(5) as a motion to quash service of process without dismissing the action. Id. at *2.

This district has held that a claim should not be dismissed under Rule 12(b)(5) "when there [are] 'reasonably conceivable means' through which service may be obtained and jurisdiction acquired over the defendant." Sánchez-Velázquez 2012 WL 6726475 at *2 (citing Ramírez de Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83, 85 (D.P.R. 2006)). If the initial service of process is ineffective, and "the defects are curable, courts often treat a motion to dismiss as a motion to quash service of process in the alternative, and retain the case pending effective service." Id.

Fed.R.Civ.P. 4(h)(2) provides that service on a foreign corporation may be made "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." When there is no internationally agreed means of service, as in this case, a corporation in a foreign country may be served "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction." Fed.R.Civ.P 4(f)(2)(A).

This particular manner of service avoids the necessity of intervention by officials in the foreign country and increases the possibility that the foreign country will give effect to the judgment should enforcement there be necessary. 4B Wright & Miller, *Federal Practice and Procedure* § 1134 (4th ed. 2015). Some courts have concluded that service under this rule must comply with local laws in the destination country governing service of foreign process, even if the laws impose stricter procedures than on service of domestic process. See, Grand Entertainment Group, Ltd. v. Star Media Sales, Inc. 988 F.2d 476, 487 (3d Cir. 1993)(stating that "it would be an affront to [the foreign country's] national sovereignty" if a United States court applied the foreign country's procedures for service in local cases if the country has enacted special provisions governing service of foreign process).

**III. DISCUSSION**

At issue is Part 76 of Trinidad and Tobago's Civil Proceeding Rules of 1998, which deals "with service on a person in Trinidad and Tobago of any process in connection with civil or commercial proceedings in a foreign court or tribunal *where the court received a written request for service*" (Docket No. 7-2 at pp. 450-451)(emphasis added). DDR claims that Part 76 does not govern the procedure for all service of foreign process (Docket No. 7 at p. 5). It states that Part 76 is exclusive to cases "where the court received a written request for service." Id. Instead, DDR argues, it could follow the procedure for local service of process outlined in Part 5.6 of the Civil Proceeding Rules. This court disagrees.

The title of Part 76 of the Civil Proceeding Rules, "Service of Foreign Process," suggests this section governs *all* service of foreign process, which must be initiated by a letter rogatory or a letter of request to a Trinidad and Tobago court. Letters rogatory have traditionally been the "way of making service on behalf of an action pending before a court in a foreign country, and in

some countries it was the only form of service that would be permitted by the authorities at the place of service in aid of litigation pending elsewhere." Wright & Miller, op cit. at § 1134.

With this background, DDR attempted to serve process upon Prestige by personal delivery to the company's principal place of business in Trinidad and Tobago on June 1, 2015 (Docket No. 4). On August 25, 2015, DDR sent Prestige copies of the complaint and summons published in a Puerto Rican newspaper. Id. at pp. 1-2. DDR did not comply with the requirements of Part 76, which include writing a request for service and filing a copy of the process and an affidavit proving due service of process at the court office (Docket No. 7, Exh. 2). As such, DDR's service of process was ineffective under Trinidad and Tobago law.

## IV. CONCLUSION

In view of the foregoing, Prestige's motion to quash service of process is GRANTED. DDR has 60 days to properly serve process upon the defendant.

**SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of June, 2016.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge